IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMANTHA LIVINGSTON**<br>1233 South 57th Street<br>Philadelphia, PA 19143<br><br>*Plaintiff,*<br><br>vs.<br><br>**HARRAH'S PHILADELPHIA CASINO**<br>**& RACETRACK**<br>777 Harrah's Boulevard<br>Chester, PA 19013<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1.     Plaintiff initiates this action to seek redress against Defendant, for unlawful discrimination and retaliation in violation applicable federal and state law.

### PARTIES

2.     Plaintiff is Samantha Livingston ("Plaintiff"), an adult individual domiciled and residing at the above-captioned address and is a citizen of the Commonwealth of Pennsylvania.

3.     Defendant, Harrah's Philadelphia Casino & Racetrack ("Defendant") is located at the above-captioned address and is believed and therefore averred to be a corporation created and existing pursuant to the laws of the Commonwealth of Pennsylvania.

4.    At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or his job duties.

5.    Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

6.    Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

7.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8.    The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9.    The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10.    The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

2

because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11.    Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

12.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13.    Plaintiff has satisfied the federal procedural and administrative requirements for proceeding with an action under Title VII.

14.    Plaintiff filed a timely written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination on or about September 28, 2017 (Charge No. 530-2017-04140).

15.    The instant action is timely because it is initiated at least ninety ("90") days after the issuance of a Right to Sue Letter by the EEOC which was mailed on or about April 9, 2018.

16.    Plaintiff has exhausted federal administrative remedies as to the allegations of the instant Complaint.

17.    Plaintiff will seek leave to amend this Complaint to encompass a claim under the Pennsylvania Human Relations Act ("PHRA") after the one-year statutory waiting period.

## FACTUAL BACKGROUND

18.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19.   Plaintiff, Samantha Livingston is a former employee of Harrah's Philadelphia Casino & Racetrack ("Defendant").

20.   Plaintiff was employed by Defendant from approximately April 2016 until January 12, 2017 when she was unlawfully terminated.

21.   Plaintiff was a cocktail server on the floor of the casino.

22.   During the course of Plaintiff's employment, she was subjected to discriminatory comments by her Caucasian supervisor, Liz.

23.   Specifically, the supervisor would refer to Plaintiff and her other African American colleagues as "you people", which Plaintiff and others similarly situated understood to be derogatory slang towards African-Americans.

24.   Moreover, similarly situated Caucasian employees were treated more favorably as it related to Defendant's disciplinary policies.

25.   For example, Caucasian employees who were late to work were often not subject to discipline.

26.   However, African-American employees similarly situated who were late to a shift were given negative attendance points that ultimately could lead to termination.

27.    To that end, the supervisor would also frequently assign Plaintiff to the "slots" section of the casino as opposed to the section where there were table games.

28.    Plaintiff largely relied on tips to make an income while working for Defendant.

29.    Gamblers in the slots section almost always tipped considerably less than those gamblers playing table games.

30.    Almost invariably, the supervisor would assign Plaintiff and other African-American cocktail servers similarly situated to the "slots" section, but would assign Caucasian cocktail servers to the table games where they would be able to earn more money.

31.    All of Plaintiff's supervisors were fully aware that gamblers in the "slots" section of the casino typically tipped less.

32.    In or around January 7, 2017 through January 8, 2017, the Philadelphia and New Jersey area was hit with a large snow storm (Winter Storm Helena) that made it difficult for commuters to get to work.

33.    At the time, Plaintiff lived in the Pleasantville, New Jersey area which is roughly an hour and a half from the casino.

34.    Plaintiff called Defendant to inquire as to whether she should report to work.

35.    Defendant told Plaintiff to report to work without regard for the weather.

36.    Plaintiff did report to work, but was approximately 15-20 minutes late because of the weather.

37.    Upon information and belief, other similarly situated Caucasian employees arrived late because of the weather as well.

38.    A few days later, on or about January 12, 2017, Plaintiff was terminated because she was late.

5

39.     Upon information and belief, other similarly situated Caucasian employees who arrived late on that occasion were not penalized.

40.     Prior to her termination, Plaintiff had voiced internal complaints to her supervisors about the Defendant's discriminatory policies and practices as applied to her.

41.     Plaintiff was subjected to unlawful race discrimination, a hostile-work environment and unlawful retaliation.

## COUNT I
### Title VII Violations

42.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

43.     The foregoing conduct by the Defendant constitutes unlawful discrimination against the Plaintiff on the basis of race.

44.     The foregoing conduct by the Defendant constitutes unlawful retaliation against the Plaintiff.

45.     The foregoing conduct by the Defendant constitutes an unlawful hostile work environment.

46.     As a result of the Defendant's unlawful discrimination and retaliation, the Plaintiff has suffered damages as set forth herein.

## COUNT II
### 42 U.S.C. § 1981

47.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

48.     At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant through at-will employment.

49.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff as a result of race and thereby deny the benefits of the contractual relationship entered or sought to enter into with Defendant by discriminating on that basis.

50.    The foregoing conduct by the Defendant constitutes unlawful discrimination against the Plaintiff on the basis of race.

51.    The foregoing conduct by the Defendant constitutes an unlawful hostile work environment.

52.    The foregoing conduct by the Defendant constitutes unlawful retaliation against the Plaintiff.

53.    As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a.    Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate including but not limited to reinstatement;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i.  Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k.  Plaintiff is to be accorded any and all other statutory damages the Court deems just, proper, and appropriate.

l.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

_____/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.net
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated: June 29, 2018

9